No. 2--01--1382

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS ) of Du Page County.

) 

Plaintiff-Appellee, ) 

)

v. ) No. 99--CF--2570

   )

) 

ARTARIUS JETT, ) Honorable

) Kathryn E. Creswell,

Defendant-Appellant. ) Judge, Presiding.

___________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

 

A jury convicted defendant, Artarius Jett, of first degree murder (720 ILCS 5/9--1(a) (West 2000)).  Defendant received a sentence of natural life in prison.  On appeal, defendant challenges the charging instrument and the jury instructions, arguing that they improperly included, as an element of first degree murder, "that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty."  Defendant further contends that he received ineffective assistance of counsel.  We affirm.

On October 4, 1999, Michelle Monachello, defendant's former girlfriend and the mother of his child, was stabbed, doused with gasoline, and set on fire while she was still alive.  She died later that day.  On October 27, 1999, defendant was charged by indictment with seven counts of first degree murder, two counts of armed robbery, and one count of arson, all arising from Monachello's death.  In an effort to comply with the United States Supreme Court's opinion in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the State filed additional indictments on September 28, 2000, alleging that the aforementioned offenses were accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.  Defendant moved to dismiss the indictments on speedy trial grounds, and the trial court denied his motion.  Defendant's trial ensued.  As the evidence presented at trial is well known to the parties and defendant raises no evidentiary issues on appeal, we will dispense with a detailed recitation of the trial testimony and refer to relevant evidence as our discussion demands.

At the instructions conference, the State proposed to provide the jury with an issues instruction for first degree murder and a separate instruction asking the jury to decide whether defendant's actions constituted exceptionally brutal or heinous behavior indicative of wanton cruelty.  The court disagreed and expressed its belief that the instructions would be clearer to the jury if the "brutal and heinous" instruction were included in the issues instruction.  Defense counsel agreed with the court.  Consequently, the jury received an instruction directing it, if it found that the State had proved the elements of first degree murder beyond a reasonable doubt, to "continue [its] deliberations to determine whether or not the State has proven beyond a reasonable doubt that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty."  The jury was provided with three verdict forms: "not guilty," "guilty of first degree murder which was not accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," and "guilty of first degree murder which was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty."  The verdict form signed by the jury stated as follows:

"We, the jury, find the defendant, Artarius Jett, guilty of First Degree Murder and that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty."  

Defendant argues on appeal that including the "brutal and heinous" factor in the indictments and the jury instructions effectively added an element to the first degree murder offense, thereby creating a new offense.  To facilitate our analysis of this issue, a brief synopsis of the relevant statutes and case law is in order.

Section 9--1 of the Criminal Code of 1961 defines first degree murder as follows:

"A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or 

(3) he is attempting or committing a forcible felony other than second degree murder."  720 ILCS 5/9--1(a) (West 2000).

The sentence for first degree murder shall be not less than 20 years and not more than 60 years (730 ILCS 5/5--8--1(a)(1)(a) (West 2000)), but a defendant may be eligible for an enhanced sentence if certain factors apply.  In June 2000, the United States Supreme Court, in 
Apprendi
, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  Consequently, the legislature amended section 5--8--1(a)(1)(b) of the Unified Code of Corrections to provide that a defendant convicted of first degree murder may receive an enhanced sentence of natural life in prison "if a trier of fact finds beyond a reasonable doubt that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty."  730 ILCS 5/5--8--1(a)(1)(b) (West 2000).

 Following 
Apprendi
, the legislature also amended section 111--3 of the Code of Criminal Procedure of 1963 to allow the State to amend the charge at any time before trial to include those facts that would increase a defendant's sentence beyond the statutory maximum term.  725 ILCS 5/111--3(c-5), (d) (West 2000).  This statute was not yet in effect at the time the additional indictments against defendant were filed.

Defendant contends that principles of separation of powers, due process, and 
ex post facto
 application of laws require us to reverse his conviction.  Defendant bases all of these arguments on the premise that he was charged with and convicted of an offense other than first degree murder, namely, first degree murder accompanied by brutal or heinous behavior indicative of wanton cruelty.  Defendant's argument does not withstand scrutiny.

Under defendant's reasoning, the mere inclusion of the "brutal and heinous" factor in the indictments violated his constitutional rights.  We disagree.  The inclusion of this factor did not alter the elements of first degree murder.  It simply put defendant on notice that the State would be seeking to prove beyond a reasonable doubt that defendant acted brutally or heinously and, therefore, was eligible for an enhanced sentence.  The indictments set forth the elements of first degree murder and then separately alleged that defendant acted in an exceptionally brutal or heinous manner indicative of wanton cruelty.  The plain language of the indictments simply does not support defendant’s contention that the State improperly added an element to the offense of first degree murder.

Likewise, the record is clear that defendant was convicted of first degree murder, and the jury made the additional finding that the murder was accompanied by brutal or heinous behavior indicative of wanton cruelty.  The jury was instructed to first determine whether the State had proved the elements of first degree murder beyond a reasonable doubt.  The issues instruction directed the jury to decide whether the murder was accompanied by exceptionally brutal or heinous behavior only after it had determined that the State met its burden of proving defendant guilty of first degree murder.  The "brutal and heinous" factor was not included as one of the elements of the offense.  

Pursuant to section 5--8--1(a)(1)(b) of the Unified Code of Corrections, the State was entitled to seek an enhanced sentence based on the brutal or heinous nature of the offense.  In submitting the determination of this factor to the jury, the State followed the Supreme Court’s directive in 
Apprendi
.  There was no prejudice whatsoever to defendant’s constitutional rights.  

Moreover, defendant made no objection in the trial court to the additional indictments on the grounds he asserts here, nor did he object to the jury instructions at issue.  In fact, defense counsel advocated using the instructions as given.  Defendant now asserts ineffectiveness of counsel.  

The standard for determining whether defense counsel was ineffective is well established.  A defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result of counsel's errors.  
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); 
People v. Albanese
, 104 Ill. 2d 504, 525 (1984).   To establish prejudice, a defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.  
Strickland
, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068; 
Albanese
, 104 Ill. 2d at 525.  A court need not examine the reasonableness of counsel's performance if it is easier to dispose of an ineffectiveness claim on lack of prejudice grounds.  
Strickland
, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; 
Albanese
, 104 Ill. 2d at 527.

In the case at bar, the evidence overwhelmingly showed that defendant murdered Monachello and did so in an exceptionally brutal or heinous manner.  As the facts are well known to the parties, it is not necessary to set forth in detail all of the evidence presented against defendant.  Suffice it to say that, despite suffering third and fourth degree burns over approximately 75% of her body and losing 40% of her blood from the stab wound to her abdomen, Monachello identified defendant as her attacker to a police officer, a paramedic, and a physician on duty at Glen Oaks Hospital before she died.  Defendant did not present any evidence on his own behalf.  The trial court stated at defendant's sentencing hearing that the evidence of his guilt was "absolutely overwhelming" and that "words were insufficient to describe the horrific nature of this crime."  We agree and hold that a reasonable jury could not have come to any other conclusion.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

GROMETER and CALLUM, JJ., concur.